IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EUGENE P. GORDON, #A0121760, | ) | CIVIL NO. 06-00606 HG-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING SECOND MOTION |
| | ) | FOR APPOINTMENT OF COUNSEL |
| NOLAN P. ESPINDA, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |
| | ) | |

## ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL

Pro Se Petitioner Eugene P. Gordon, a Hawai`i state prisoner currently incarcerated at Oahu Community Correctional Facility, in Honolulu, Hawaii, requests the appointment of counsel to represent him in his petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.  The Motion has been referred to this court pursuant to 28 U.S.C. § 636(a) and Local Rule LR72.5.[1]

The Sixth Amendment right to counsel does not apply in state or federal prisoners' habeas corpus or § 2255 proceedings.  *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991); *Coleman v. Thompson*, 501 U.S. 722, 756 (1991); *United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990).  The district court must appoint counsel, however, if an evidentiary hearing is to be held in a § 2254 or 2255 proceeding.  *See* Rule 8(c), 28 U.S.C. foll. § 2254; *Troiani v. Poole*, 858 F. Supp. 1051, 1055 (S.D. Cal.

_____

[1] On December 11, 2006, the court denied Gordon's first Motion for Appointment of Counsel.  (Doc. No. 5.)

1994).  An evidentiary hearing is only mandated under certain circumstances specified in 28 U.S.C. § 2254(e)(2).[2]

When an evidentiary hearing is not necessary, the decision to appoint counsel is entirely discretionary.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *see also* Rule 8(a), 28 U.S.C. foll. § 2254.  The district court is also authorized to appoint counsel to represent a financially eligible habeas petitioner whenever "the court determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B).  Whether counsel should be appointed turns on the prisoner's ability to articulate his or her claims in light of the complexity of the legal issues and the likelihood of success on the merits of the petition or motion.  *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

---

[2] Under 28 U.S.C. § 2254(e)(2),

If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–
   (A) the claim relies on–
        (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
        (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
   (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

In support of his Motion, Gordon states that he is indigent and that he has been unable to secure counsel on a pro bono basis.  Gordon also states that the issues presented in his Petition are serious and complex.  Finally, Gordon states that he is a layman, unskilled in the law, and does not possess the legal knowledge and skills required to litigate this case.

First, at this point, prior to an Answer being filed, the court cannot determine whether an evidentiary hearing is required in this action, mandating the appointment of counsel under § 2254(e).  If an evidentiary hearing is deemed necessary, Gordon will then be appointed counsel, who will be able to interview and question any essential witnesses and perform any other necessary tasks in advocating on Gordon's behalf.

Second, most if not all pro se litigants lack legal skills.  Gordon, however, is neither illiterate nor unable to speak English.  His Petition and Motion for Appointment of Counsel are clearly written, cogent and logical, showing that he is clearly able to articulate his claims pro se.

Third, all indigent inmates are unable to afford counsel and are disadvantaged in presenting their civil cases due to their incarceration.  These are not a sufficient reasons in themselves, for appointing Gordon counsel.

Fourth, because Respondents have not yet served an Answer to the Petition, the court cannot determine Gordon's likelihood of

success in this action on the present record.

The interests of justice are not served at this time by the appointment of counsel.  Accordingly, Gordon's Second Motion for Appointment of Counsel is DENIED without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, February 15, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

*Gordon v. Espinda*, Civ. No. 06-00606 HG-LEK; ORDER DENYING SECOND MOTION FOR APPOINTMENT OF COUNSEL; heather\appoint counsel\Gordon 06-606 (dny hab)