IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| EUGENE GORDON, #A0121750, | ) | CIVIL NO. 06-00606 HG-LEK |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | TO DISMISS PETITION |
| NOLAN P. ESPINDA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO DISMISS PETITION**

On November 9, 2006, pro se Petitioner Eugene P. Gordon, a Hawai`i prisoner incarcerated at Oahu Community Correctional Center ("OCCC"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.

On December 11, 2006, the court dismissed the Petition for Gordon's failure to name a proper respondent. (Doc. No. 5.)

On January 17, 2007, Gordon filed an Amended Petition, naming the warden of his prison as Respondent. (Doc. No. 6.)

On February 26, 2007, the court ordered Respondent to file an Answer to the Amended Petition on or before April 4, 2007.

On March 15, 2007, the court granted Respondent's Ex Parte Motion for Extension of Time to File Answer and granted Respondent up to and including May 4, 2007, to file an Answer. (Doc. No. 17.)  As ordered, Respondent filed an Answer to the Amended Petition on May 2, 2007.  (Doc. No. 20.)

After careful consideration of the Amended Petition, Answer,

Reply, and the entire record before the court, the court finds that Grounds One, Two, and Three are barred by the statute of limitations. The court recommends that Gordon's Amended Petition be DISMISSED with prejudice.

## BACKGROUND[1]

On July 1, 1999, Gordon pled guilty to Unauthorized Entry into a Motor Vehicle in violation of Hawai`i Revised Statute ("Haw. Rev. Stat.") § 708-836.5 and Attempted Unauthorized Entry into a Motor Vehicle in violation of Haw. Rev. Stat. §§ 705-500 and 708-836.5. (Prelim. Ans. at App. G:1-2.) The Circuit Court of the First Circuit State of HawaiI ("circuit court") sentenced Gordon to probation for five years for each count. Id. at G:2-4.

On February 7, 2000, the State of Hawai`i moved to revoke Gordon's probation. Id. On May 9, 2000, the State of Hawaii on motion to the circuit court requested the imposition of an extended term of imprisonment under Haw. Rev. Stat. § 706-662, and a consecutive term of imprisonment.[2] Id.

---

[1] The facts herein are taken from the Petition, Preliminary Answer, Hawaii State Judiciary Ho'ohiki public information, and from State v. Gordon, 2005 WL 2995312 (Haw. Nov. 8, 2005) (unpub. disp.), and State v. Gordon, 2005 WL 525128(Haw. Mar. 4, 2005) (unpub. disp.).

[2] Haw. Rev. Stat. § 706-662 permits a convicted defendant to

> be subject to an extended term of imprisonment under section 706-661, if the convicted defendant . . . is a persistent offender whose imprisonment for an extended term is necessary for protection of the public. The court shall

On September 17, 2000, the circuit court held a hearing on the State's motion to revoke probation.  At the hearing, Gordon admitted that he had violated his probation when: (1) on September 20, 1999, he tested positive for "ice"; (2) on October 29, 1999, he was convicted of abuse of a household member; (3) on December 10, 1999, he was convicted of two counts of assault in the third degree; and (4) on January 6, 2000, he failed to report for his regularly scheduled appointment with his probation officer.  Id.  The circuit court granted the State's motion to revoke Gordon's probation and resentenced Gordon to two extended ten-year terms of imprisonment to be served concurrently.  On October 4, 2000, the circuit court issued its Findings of Fact, Conclusions of Law and Order, granting the State of Hawaii's Motion for Extended Term of Imprisonment.  (Id. at 2.)

On October 23, 2000, Gordon filed a notice of appeal with the Intermediate Court of Appeals of Hawai`i ("ICA").  Gordon raised three issues on appeal: (1) whether the court abused its discretion in resentencing defendant-appellant to an extended term of imprisonment; (2) whether the resentencing of defendant-appellant to an extended term of imprisonment constituted cruel

---

not make this finding unless the defendant has previously been convicted of two felonies committed at different times when the defendant was eighteen years of age or older.

and unusual punishment; and (3) whether the court failed to state on the record that commitment of the defendant-appellant to an extended term was necessary for the protection of the public. Id. at App. E:6-7.

On May 1, 2002, in an unpublished memorandum opinion, the ICA affirmed Gordon's sentence. Id. at App. G. On May 3, 2002, and May 9, 2002, the ICA issued an Order of Amendment and a Second Order of Amendment which corrected minor mistakes in the May 1 memorandum opinion. Id. at App. H & I. On August 6, 2002, the ICA filed a Notice and Judgment on Appeal. Id. at App. J. Gordon did not file an application for writ of certiorari with the Hawai`i Supreme Court.

On March 24, 2003, Gordon filed a motion to correct illegal sentence under Rule 35 of the Hawaii Rules of Penal Procedure in the circuit court. Id. at App. K. Gordon argued that his sentence to an extended term of imprisonment violated the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000).[3] At a hearing on September 20, 2004, the circuit court orally denied Gordon's Rule 35 Petition. (Id. at 3.)

On November 22, 2004, Gordon filed an appeal with the

---

[3] In *Apprendi*, the United States Supreme Court held that, other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.

Hawai`i Supreme Court. On March 4, 2005, the Hawaii Supreme Court issued a written decision dismissing Gordon's appeal as premature and lacking jurisdiction because the circuit court had not yet entered a written order denying Gordon's Rule 35 Petition. <u>Id.</u> at App. N. On April 5, 2005, the circuit court issued a written order denying Gordon's Rule 35 Petition. <u>Id.</u> at App. O.

On June 7, 2005, Gordon re-filed his appeal with the Hawai`i Supreme Court. <u>Id.</u> at App. P. On November 8, 2005, however, the Hawaii Supreme Court dismissed Gordon's appeal as untimely. The Supreme Court held that Gordon's Rule 35 Petition was appealable by notice of appeal filed with the circuit court within thirty days after the circuit court entered its order. As the circuit court entered its order on April 5, 2005, more than sixty days had passed when Gordon filed his notice of appeal on June 7, 2005. The Hawai`i Supreme Court dismissed the appeal for lack of appellate jurisdiction. <u>Id.</u> at App. Q.

As set forth above, on November 9, 2006, Gordon filed a petition under 28 U.S.C. § 2254 for writ of habeas corpus. On December 11, 2006, the court dismissed the Petition for Gordon's failure to name a proper respondent. On January 17, 2007, Gordon filed an Amended Petition. Although Gordon claims three grounds for relief in his Amended Petition, each claim is the same, that is, that Gordon is serving an illegal sentence. (Amd. Pet. at 6-

18.)  In Ground One, Gordon states that the circuit court failed to find that Gordon's imprisonment for an extended term was necessary for the protection of the public, pursuant to Hawai`i Revised Statute ("Haw. Rev. Stat.") 706-662.  In Ground Two, Gordon argues that the State failed to show that Gordon was a "persistent or multiple offender" because the court did not establish on the record that Gordon was represented by counsel in each prior conviction being used to enhance his penalty. Finally, in Ground Three, Gordon states that facts, other than prior convictions, which were relied on to extend the term of his imprisonment, were not presented to the jury and proven beyond a reasonable doubt as required under Apprendi.

**LEGAL STANDARD**

Section 2244 provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > ©) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>     (D) the date on which the factual predicate of the
>     claim or claims presented could have been
>     discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under certain conditions the statute of limitation may be equitably tolled.  Pace v. DiGuglielmo, 544 U.S. 408, 125 S. Ct. 1807, 1814 (2005); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  To qualify for equitable tolling, the petitioner "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace, 544 U.S. at ---, 125 S. Ct. at 1814.  "[T]he threshold necessary to trigger equitable tolling under [the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")], is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted).  This high bar is necessary to effectuate the "AEDPA's statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims."  Guillory v. Roe, 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).  Equitable tolling determinations are "highly fact-dependent."  Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (per curiam); accord Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002)

(observing that equitable tolling determinations "turn[ ] on an examination of detailed facts").

## DISCUSSION

Respondent argues that Gordon's claims are barred by the statute of limitations.  This Court agrees.  The one-year statute of limitations under § 2244(d)(1), began to run on Gordon's claims no later than September 7, 2002, the expiration date of the thirty-day period during which Gordon could have filed an application for writ of certiorari to the Hawai`i Supreme Court. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (conviction is final after time for seeking review from the state appellate court has expired); Wixom v. Washington, 264 F.3d 894, 898 (9th Cir. 2001).

The statute of limitations ran from September 7, 2002, up to and including March 24, 2003, the day on which Gordon filed his Rule 35 Petition with the circuit court.  As of March 24, 2003, the statute of limitations had run for 198 consecutive days.

Thereafter, the statute of limitations was tolled between March 25, 2003 and April 5, 2005, the date on which the circuit court entered final judgment dismissing Gordon's Rule 35 Petition.  The statute of limitations continued to toll between April 6, 2005 and May 6, 2005, the expiration of the thirty-day period during which Gordon could have filed an appeal of the circuit court's dismissal.  The statute of limitations began to

run the next day, May 7, 2005, with 167 days remaining until it expired.

As set forth above, on June 7, 2005, Gordon filed a second notice of appeal with the Hawai`i Supreme Court. On November 8, 2005, the Hawaii Supreme Court dismissed Gordon's appeal as untimely.

The statute of limitations did not toll between June 7, 2005 and November 8, 2005. Section 2244(d)(2) tolls the statute of limitations during the time a "properly filed" state court petition is pending. "Properly filed means the petition's delivery and acceptance are in compliance with the applicable laws and rules governing filings in that state." Bonner v. Carey, 425 F.3d 1145, 1148 (9th Cir. 2005)(internal citations omitted). In Pace, the United States Supreme Court held that "[w]hen a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)." Pace, 544 U.S. 408 (2000). As Gordon filed an untimely appeal, the statute of limitations did not toll between June 7, 2005 and November 8, 2005.

The statute of limitations continued to run from May 6, 2005, with 167 days remaining until it expired. Gordon did not, however, initiate this habeas action until November 9, 2006, more than 550 days after May 6, 2005. Even if the statute of limitations tolled between June 7, 2005 and November 8, 2005,

9

Gordon's claims are still barred by the statute of limitations. Between November 8, 2005, the date on which the Hawai`i Supreme Court dismissed Gordon's appeal as untimely, and November 9, 2006, the date Gordon initiated this action, more than 167 days passed.

Unless he is entitled to statutory or equitable tolling of the statute, Gordon's petition is time-barred. First, as discussed above, the court finds that Gordon is not entitled to statutory tolling under § 2244(d). Second, there was no state-created impediment to Gordon's filing a federal petition under 28 U.S.C. § 2244(d)(1)(B), nor does Gordon argue that there was.[4] Third, the Petition does not raise a newly recognized constitutional right that is retroactively applicable to cases on collateral review. See 28 U.S.C. § 2244(d)(1)©). Finally, Gordon does not raise newly discovered evidence as the basis for this habeas petition. See 28 U.S.C. § 2244(d)(1)(D).

Although the Court notified Gordon that it was considering dismissing his Petition as time-barred, and informed him that it was his burden to argue and prove the availability of equitable tolling, he has not done so. In his Reply, Gordon makes no argument in favor of tolling the statute.

In Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005),

---

[4] An assertion that the statute of limitation was delayed by a state-created impediment requires a showing of a due process violation. Lott v. Mueller, 304 F.3d 918, 925 (9th Cir. 2002).

the Ninth Circuit Court of Appeals articulated that extraordinary circumstances must be present in order for a court to find equitable tolling.  Gordon's failure to proffer any argument forecloses the possibility of equitable tolling, as the petitioner bears the burden of demonstrating extraordinary circumstances.  Id. (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003).  Accordingly, this Court finds that Gordon is not entitled to equitable or statutory tolling of the statute and recommends that his Petition be dismissed with prejudice as time-barred.

## CONCLUSION

Based on the foregoing, this Court FINDS that Gordon's claims are time-barred and RECOMMENDS that his Petition be dismissed with prejudice.[5]

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, July 13, 2007.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

Gordon v. Espinda, Civ. No. 06-606 HG-LEK; FINDINGS AND RECOMMENDATION TO DISMISS PETITION; hmg\Habeas 07\Gordon 06-606 (F&R Dsm Pet SOL)

---

[5] As the court finds that Gordon's claims are barred by the statute of limitations, the court will not address the merits of Gordon's claims.